UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALI BRIDGES,

                Petitioner,

v.

JUSTICE COURT OF RENO TOWNSHIP, *et al.*,

                Respondents.

Case No. 3:22-cv-00503-ART-CLB

ORDER

    This case is a *pro se* petition for a writ of habeas corpus by Ali Bridges, who, according to his petition, is in custody in Washoe County, and who is apparently contesting extradition to California. Bridges appears to claim that the Nevada courts have violated his federal constitutional rights in seeking to extradite him, and he seeks an order of this Court staying his extradition. The Court construes Bridges' habeas petition as one pursuant to 28 U.S.C. § 2241. However, Bridges' federal habeas petition is faulty for several reasons, and it will be summarily dismissed, without prejudice.

    First, Bridges has not paid the $5 filing fee for this action, and he has not applied to proceed *in forma pauperis*.

    Second, Bridges' petition is not on a form provided by this court. The effect of this is that Bridges' petition fails to provide the Court with information necessary for the Court to proceed with this action.

    Third, it is plain from the information that Bridges does provide that he has not exhausted his claims in state court. Generally, a petitioner must exhaust available state court remedies before filing a petition under section 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491 (1973); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). Although 28 U.S.C. § 2241

does not specifically require exhaustion, "[a]s an exercise of judicial restraint ... federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980); *see also Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006) (Courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241."). Bridges makes mention in his habeas petition of extradition proceedings before a Reno justice court but makes no mention of any attempt to seek relief from any higher state court, whether a state district court, the Nevada Court of Appeals, or the Nevada Supreme Court. Moreover, Bridges makes no claim that there is no avenue for him to seek such relief.

It is therefore ordered that this action is dismissed, without prejudice.

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly and close this case.

It is further ordered that the Clerk of the Court is directed to send to the petitioner two copies of the form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and two copies of the form for an application by a prisoner to proceed *in forma pauperis*.

DATED THIS 15th day of November, 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE